Filed 12/3/21  P. v. Diaz CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077477 |
| v. | (Super.Ct.No. RIF1701084) |
| FRANCISCO DIONICIO DIAZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Francisco Dionicio Diaz appeals the Riverside County Superior Court's denial of his Penal Code[1] section 1170.18 petition to have his felony conviction reduced to a misdemeanor. We affirm.

## BACKGROUND

In August 2018, defendant pled guilty to second degree burglary in violation of section 459, a charge resulting from his unlawful entry into a locked motor vehicle with the intent to commit theft. He also admitted a prior strike. The court sentenced him to one-third the midterm for a total term of one year four months in state prison, to run consecutive to incomplete sentences imposed in three other cases.

In November 2020, defendant petitioned the court pursuant to subdivision (f) of section 1170.18 seeking an order designating his felony conviction as a misdemeanor. In his statement in support of the petition, defendant appears to claim he served his sentence for the second degree burglary conviction, but also noted the sentence is to run consecutive to those imposed in three other cases, which total 21 years. He also argues he is entitled to resentencing of his burglary conviction because the total value of goods removed from the vehicle was $880, bringing his offense within section 490.2. That statute provides theft of property with a value not exceeding $950 is petty theft to be punished as a misdemeanor.

The trial court denied the petition. Defendant appealed and we appointed counsel to represent him.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, which sets forth statements of the case and facts. Counsel suggests one potential arguable issue: whether defendant is eligible for relief under section 1170.18 where, as here, he pled guilty to second degree vehicle burglary in violation of section 459.

Counsel also requests this court to independently review the entire record on appeal. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Not settled, however, is what procedures the reviewing court is required to follow in cases in which appointed appellate counsel files a no-issues brief in a defendant's appeal from an order denying a postjudgment motion. That question is pending before our Supreme Court in a number of cases, including *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted March 17, 2021, S266853.

In *Scott*, one panel in this division concluded there is no reason to conduct an independent review of the record if counsel files a no-issues brief in a postjudgment appeal and, if a defendant fails to file a supplemental brief in such a case, the court should simply dismiss the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at

3

pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted, May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [Court of Appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>

P. J.

I concur:

<u>MILLER</u>

J.

5

[*People v. Diaz*, E077477]

Slough, J., Dissenting.

For the reasons more fully expressed in prior unpublished dissents, I continue to disagree with the majority's application of the standard *Anders/Wende* review process to a postconviction order. I feel particularly strongly about this view in cases like this, where the appellant is categorically ineligible for the relief sought in the trial court and appointed counsel has filed a no-issue brief. In my view, directing our resources towards reviewing the entire record and drafting a full opinion on a case like this constitutes judicial waste.

This is a Proposition 47 resentencing petition case (Pen. Code, § 1170.18) where the defendant was convicted *after Proposition 47 went into effect*. As such, we can tell from the face of Diaz's petition that it is meritless and doesn't warrant the "additional layer of due process" the majority say they are providing by reviewing the record and drafting a five-page opinion. Diaz pled guilty in August 2018, at which point Proposition 47 had been in effect for *over four years*. He then waited another two years—until November 2020—to file his resentencing petition, which the trial court properly denied. There is no need to scour the record looking for errors when the petition readily tells us all we need to know.

I agree with the majority that we always have the discretion to conduct an independent review of a case even if neither counsel nor defendant identifies any potential errors. (Maj. opn. *ante*, at p. 4.) But we're not required to do so, and nothing about this appeal justifies the majority's decision to conduct a full independent review of the record, searching for errors the trial court, appellant and or his appointed counsel may have missed. Having read the majority opinion, I find myself with more questions than answers. Questions like, what *is* an "additional layer of due process" in this context? The majority has certainly inserted an additional layer of

1

process, but why? And what is it about this case that warrants such process? They don't say, and without an explanation, I'm unwilling to conclude the extra process is "due" and expand the work of the court. This postconviction appeal should be dismissed by order.

SLOUGH
J.